IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STANLEY KELLEY,

    Petitioner,                         Case No. 2:05-cv-01713 ALA (HC)

    vs.

J.D. STOKES, Acting Warden,           <u>ORDER</u>

    Respondent.
_____/

    Petitioner Stanley Kelley's ("Petitioner") federal application for habeas corpus relief was denied on May 7, 2008, (Doc. 24), and on that date the clerk entered the judgment. (Doc. 25). Petitioner filed a motion to proceed *in forma pauperis* on appeal on May 21, 2008, which was entered by the Clerk of Court on May 22, 2008. (Doc. 26). At this Court's request, Petitioner filed copies of his trust account statements on June 16, 2008. (Doc. 28). This Court did not rule upon Petitioner's application to proceed *in forma pauperis* on appeal, which was brought to the Court's attention by Petitioner's letter requesting the status of his application. (Doc. 29). Petitioner also requests a current docket sheet. (*Id*.).

**I**

    In reviewing Petitioner's status request, this Court noticed that Petitioner has failed to file notice of appeal. Fed. R. App. P. 4(a)(1). Rule 4(a)(1) of the Federal Rules of Appellate

Procedure provides that the notice of appeal "must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." Since the entry of judgment, Petitioner has only filed the application to proceed on appeal *in forma pauperis,* the requested trust statements, and the instant request. (Docs. 26, 28, 29). Therefore, in considering whether Petitioner's application to appeal *in forma pauperis* is moot, this Court must determine whether the application itself may be construed as notice of appeal.

**II**

It is paramount for an appellant seeking an appeal to follow the federal rules because timely filing of a sufficient notice of appeal is "mandatory and jurisdictional." *United States v. Robinson*, 361 U.S. 220, 224 (1960). However, it is well settled that the Ninth Circuit " is extremely liberal in accepting as sufficient for the purposes of a notice of appeal informally drawn and improperly labeled documents." *Firchau v. Diamond Nat. Corp.*, 345 F.2d 269, 271 (9th Cir. 1965) (citing *Yanow v. Weyerhaeuser Steamship Co.*, 274 F.2d 274, 283 (9th Cir. 1959) (en banc), *cert. denied* 356 U.S. 937 (1958) ("The rationale of the cases relating to informal or irregular appeals is that notwithstanding the papers filed were inaptly worded, or labeled, or even failed to use the word 'appeal', or were filed in the wrong court, yet they sufficed to show the party intended to appeal.").

Therefore, a document not styled "notice of appeal," may nevertheless be considered as such when the document serves the essential purpose of showing that the party intended to appeal, when it is served upon the other parties to the litigation, and when it is filed within the time period prescribed by Rule 4(a). *See Curtis Gallery & Library, Inc. v. United States*, 388 F.2d 358, 360 (9th Cir. 1967) (treating pro se taxpayers' designation of contents of record on appeal and statement of points on appeal, both of which were timely filed, as the equivalent of a notice of appeal, where such documents made it clear that taxpayers desired to appeal and that they were attacking both final judgment and interlocutory summary judgment); *Davis v. Department of Corrections*, 446 F.2d 644, 645 (9th Cir. 1971)(rejecting appellee's contention that

the appeal was untimely and "treat[ing] the defective motion for a certificate of probable cause as a notice of appeal. That motion clearly indicated appellant's wish to appeal the dismissal of his case. This court has not insisted upon procedural niceties in the form in which notices of appeal are cast."). In *Wilborn v. Escalderon*, 789 F.2d 1328, 1330 (9th Cir. 1986), the Ninth Circuit applied the test set forth in *Curtis* when it deemed an appellant's motion to proceed *in forma pauperis* as a notice of appeal. The *Wilborn* Court found that the motion "satisfi[ed] the three conditions which permit such a construction: (1) it demonstrates his intent to appeal; (2) it was served upon defendants; and (3) it was timely filed." *Id*.

Like the appellant in *Wilborn*, the instant Petitioner's motion to proceed *in forma pauperis* on appeal also satisfies these three conditions. First, Petitioner states in his declaration supporting the motion, "[t]he issues that I desire to present on appeal are federal claims that have been presented to district court and involve issues of due process concerning the rights petitioner in parole hearings and whether there was 'some evidence' to support the parole board's decision to deny parole." (Doc. 26 at 1-2 ¶ 4). The intent to appeal is also inherent in his request. Second, Petitioner's motion was served on defendants. This is evidenced by the docket report receipt indicating that the motion was electronically served on Maria G. Chan, the lead attorney to be noticed for Respondent, on May 22, 2008 at 5:35 p.m. (Doc. 26); *See* L.R. 5-133(a).[1] Third,

---

[1] "The Eastern District of California is an electronic case management/filing district (CM/ECF). Unless excused by the Court or by the electronic filing procedures set forth in these Rules, attorneys shall file all documents electronically pursuant to those Rules. All complaints, and subsequent motions, pleadings, briefs, exhibits, and all other documents in a case shall be electronically filed except as otherwise provided by these Rules. Unrepresented persons, sometimes referenced as pro se litigants or appearing in propria persona, shall file and serve paper documents as provided in these Rules. After filing of a paper document by a pro se litigant, the Clerk's Office will transform the paper filing into an electronic record and ultimately

Petitioner's motion was entered by the Clerk of Court on May 22, 2008: fifteen days after the judgment denying his application for federal habeas corpus relief was entered. Therefore, Petitioner's motion was filed within the thirty days allotted by Rule 4 of the Federal Rules of Appellate Procedure to file a timely notice of appeal.

This Court, therefore, construes Petitioner's motion to proceed *in forma pauperis* as a timely notice of appeal.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner file a certified copy of his trust fund account statement, or the institutional equivalent, for December 2008, January 2009, February 2009, March 2009, April 2009 and May 2009. 28 U.S.C. § 1915(a)(2);

2. The Clerk of Court process Petitioner's appeal to the Ninth Circuit, as this Court has construed Petitioner's application to proceed *in forma pauperis* on appeal as a timely notice of appeal;

3. Petitioner's appeal does not require a certificate of appealability since it challenges an administrative decision. *See White v. Lambert*, 370 F.3d 1002 (9th Cir. 2004) (holding that a certificate of appealability is not required where the detention complained of does not arise out of the state court process); and

4. The Clerk of Court send Petitioner a current docket sheet.

/////

DATED: May 6, 2009

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

---

discard the paper filing." L.R. 5-133(a)