IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STANLEY KELLEY,                                        No. 2:05-cv-01713-MCE-DAD (HC)

    Petitioner,

  vs.                                                              ORDER

J.D. STOKES, Acting Warden,

    Respondent.

_____/

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 7, 2008, the previously assigned District Judge issued an Order that denied the petition for writ of habeas corpus on the merits. Petitioner filed a notice of appeal on May 21, 2008. This Court did not grant or deny a certificate of appealability, because prisoners challenging parole decisions via habeas corpus were not required to obtain said certificates pursuant to governing circuit court precedent. See White v. Lambert, 370 F.3d 1002, 1004 (9th Cir. 2004); Rosas v. Nielsen, 428 F.3d 1229, 1231-32 (9th Cir. 2005) (per curiam).

///

///

///

1

On April 22, 2010, the Ninth Circuit issued its decision in <u>Hayward v. Marshall</u>, No. 06-55392, 2010 WL 1664977 (9th Cir. Apr.22, 2010) (en banc). In <u>Hayward</u>, the Ninth Circuit held, inter alia, that prisoners are required to obtain a certificate of appealability to review the denial of a habeas petition challenging an administrative decision such as the denial of parole by the parole board. <u>Id</u>. at *5. Pursuant to its decision in <u>Hayward</u>, on May 17, 2010, the Ninth Circuit remanded this case to this Court for the limited purpose of granting or denying a certificate of appealability.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335- 36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his ... part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists could find this Court's determination that petitioner is not entitled to federal habeas corpus relief debatable.

Accordingly, a certificate of appealability is GRANTED on the issue of whether the state court rejection of petitioner's claim that the Governor's reversal of the grant of parole was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented.

IT IS SO ORDERED.

Dated: May 26, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE